Stephen G. Opperwall (SBN 100057)
LAW OFFICES OF STEPHEN G. OPPERWALL
4900 Hopyard Road, Suite 100
Pleasanton, California 94588
Telephone: (925) 417-0300
Facsimile: (925) 417-0301
E-mail: steve.opperwall@comcast.net

Attorneys for Creditor
Professional Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: | No. 21-50028 SLJ 7 |
| Evander Frank Kane, | Chapter 7 |
|     Debtor, | |
| | Adv. Proc. No. 21-05013 |
| Professional Bank, | |
|     Plaintiff, | Status Conference Statement by Plaintiff Professional Bank for 4/13/22 |
| v. | |
| Evander Frank Kane, | Date: 4/13/22<br>Time: 2:30 PM |
|     Defendant. | Place: Tele/videoconference |

I

INTRODUCTION

Professional Bank submits this separate Status Conference Statement for the Status Conference scheduled for 4/13/22.

1

II

DISCUSSION

**A. The trials of the Section 727 claims should take place before the trial of the Section 523 claims by Professional Bank, because the trials of the Section 727 claims could result in the dismissal of the entire bankruptcy case, thereby eliminating the need for a trial in Bankruptcy Court of Professional Bank's Section 523 claims**

The trials of the Section 727 claims should take place before the trial of the Section 523 claims by Professional Bank, because the trials of the Section 727 claims could result in the dismissal of the entire bankruptcy case, thereby eliminating the need for a trial in Bankruptcy Court of Professional Bank's Section 523 claims.

**B. Discovery and discovery related motions in the Section 523 proceedings by Professional Bank against Evander Kane should not be stayed at all, because evidence from Evander Kane and from third parties needs to be obtained and preserved, and that is true regardless of the eventual outcome of the Section 727 proceedings, because that evidence is from 2017 and 2018, is already five years old and at risk of becoming unavailable, and staying discovery until after March 2023 will just add another year of further delay not only of the discovery but then of the trial date for Section 523 actions, which will then be not ready for trial until 2024**

Discovery and discovery related motions in the Section 523 proceedings by Professional Bank against Evander Kane should not be stayed at all, because evidence from Evander Kane and from third

2

parties needs to be obtained and preserved, and that is true regardless of the eventual outcome of the Section 727 proceedings, because that evidence is from 2017 and 2018, is already five years old and at risk of becoming unavailable, and staying discovery until after March 2023 will just add another year of further delay not only of the discovery but then of the trial date for Section 523 actions, which will then be not ready for trial until 2024.

**C. There should not be any stay of discovery in the Professional Bank v. Evander Kane Adversary Proceeding unless a party to that Adversary Proceeding files a noticed motion that is supported by a showing of good cause**

There should not be any stay of discovery in the Professional Bank v. Evander Kane Adversary Proceeding unless a party to that Adversary Proceeding files a noticed motion that is supported by a showing of good cause.

Dated: April 6, 2022

LAW OFFICES OF
STEPHEN G. OPPERWALL

/s/ Stephen G. Opperwall
_____
STEPHEN G. OPPERWALL
Attorneys for Creditor
Professional Bank

status conference statement.2022.0413.doc.wpd

3